UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-2722-DMG (JEMx)** | Date | December 3, 2020 |
| Title | *Stephen Yagman v. Eric Michael Garcetti, et al.* | Page | 1 of 9 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO DISMISS [69] AND PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [30]**

On June 5, 2020, Defendants Eric Michael Garcetti, Bob Blumenfield, Mike Bonin, Joe Buscaino, Nury Martinez, Mitch O'Farrell, David Ryu, Kevin Lee James, Aura Garcia, Mike Davis, Jessica Caloza, M. Teresa Villegas, Adel H. Hagekhalil, Michael N. Feuer, and Brian Sam filed a Motion to Dismiss ("MTD") the First Amended Complaint ("FAC") filed by *pro se* Plaintiff Stephen Yagman. [Doc. # 28.] On June 11, 2020, Plaintiff filed a Motion for Preliminary Injunction ("MPI"). [Doc. # 30.] Both motions are fully briefed. [Doc. ## 33 ("MTD Opp."), 35 ("MTD Reply").] On June 18, 2020, Plaintiff also filed a "Rule 12(f) request to strike declarations of Brian Sam and Arlen[e] Hoang," which the Court construes as a supplemental opposition to Defendants' MTD. [Doc. # 34.]

For the reasons stated below, the Court **GRANTS** Defendants' MTD and **DENIES** Plaintiff's MPI and "request to strike" **as moot**.

**I.
FACTUAL AND PROCEDURAL BACKGROUND**[1]

Plaintiff asserts that he is a citizen of New York who fell and sustained injuries in Los Angeles, California, on January 29, 2020, due to the "extreme disrepair" of a sidewalk in Venice Beach. FAC at ¶¶ 3, 20-21. He filed a complaint with the City of Los Angeles ("the City") on February 7, 2020, which was denied on March 17, 2020. *Id.* at ¶¶ 28-29. Plaintiff also challenges two parking citations issued by the City's Department of Transportation ("DOT"): one from March 14, 2019, for which he paid a $211 fine, and one from April 30, 2019, for which he paid $25. *Id.* at ¶¶ 169-72.

---

[1] The Court assumes the truth of the FAC's material factual allegations solely for the purpose of deciding Defendants' MTD.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-2722-DMG (JEMx)** | Date | December 3, 2020 |
| Title | *Stephen Yagman v. Eric Michael Garcetti, et al.* | Page | 2 of 9 |

      On March 24, 2020, Plaintiff filed his initial Complaint against what he now calls the "non-attorney Defendants," 15 individuals who comprise the City's mayor, City Council members, and other appointed officials, including Brian Sam, who sent Plaintiff a notice of receipt of his February 7 complaint and the notice of denial on March 17. *Id.* at ¶¶ 28-29. On May 21, 2020, Plaintiff filed his FAC, naming an additional 23 Defendants, including the lawyers responsible for filing the first MTD in this case.[2] His claims, as follows, are against Defendants in their official and individual capacities, unless otherwise stated:

1. Common law negligence for breach of duty to provide safe sidewalks, against all non-attorney Defendants, except Sam;
2. Statutory negligence under California Government Code section 815.6 for failure to provide safe sidewalks, against all non-attorney Defendants except Sam;
3. Statutory negligence under California Government Code section 815.6 for creating the dangerous condition leading to Plaintiff's injury, against all non-attorney Defendants except Sam;
4. Public nuisance, against all non-attorney Defendants, except Sam;
5. Violation of the California Environmental Quality Act ("CEQA"), against all non-attorney Defendants, except Sam, and against Feuer,
6. Violation of 42 U.S.C. section 1983 based on a violation of Plaintiff's substantive due process rights to use a public sidewalk and to local and interstate travel, against all non-attorney Defendants, except Sam;
7. Violation of 42 U.S.C. section 1983 based on a conspiracy to violate Plaintiff's substantive due process rights, against all non-attorney Defendants, except Sam;
8. Violation of 42 U.S.C. section 1983 based on *Monell* liability, against all non-attorney Defendants, except Sam, in their official capacities only;
9. Conspiracy to engage in section 1983 violations, against all Defendants;
10. Fraud based on the delay to Plaintiff's filing of the instant action due to the California Tort Claims Act's claim-filing requirement, against Garcetti, Sam, and the attorney Defendants;
11. Violation of due process rights based on the delay to Plaintiff's filing of the instant action due to the claim-filing requirement, against Garcetti, Sam, and the attorney Defendants;
12. Conspiracy based on the delay to Plaintiff's filing of the instant action due to the claim-filing requirement, against Garcetti, Sam, and the attorney Defendants;

---

[2] None of the 23 newly named Defendants have been served.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-2722-DMG (JEMx)** | Date | December 3, 2020 |
|---|---|---|---|

| Title | *Stephen Yagman v. Eric Michael Garcetti, et al.* | Page | 3 of 9 |
|---|---|---|---|

  13. Obstruction of justice based on the delay to Plaintiff's filing of the instant action due to the claim-filing requirement, against Garcetti, Sam, and the attorney Defendants;
  14. Conspiracy to obstruct justice based on the delay to Plaintiff's filing of the instant action due to the claim-filing requirement, against Garcetti, Sam, and the attorney Defendants;
  15. Racketeer Influenced and Corrupt Organization ("RICO") claim, against all Defendants, in their individual capacities only;
  16. Violation of 42 U.S.C. section 1983 based on the excessive fines due to parking tickets issued to Plaintiff, against 27 Defendants, in their individual and official capacities;
  17. Conspiracy based on the parking tickets, against the same 27 Defendants, in their individual and official capacities;
  18. RICO claim based on the parking tickets, against the same 27 Defendants, in their individual capacities only; and, finally,
  19. Conspiracy to engage in the actions that make up the basis of the RICO claim, against the same 27 Defendants, in their individual capacities only.

  Plaintiff seeks compensatory and punitive damages "personally" against each Defendant, as well as declaratory, equitable and injunctive relief. FAC at 33-34.[3] Plaintiff's MPI also seeks the issuance of a preliminary or permanent injunction requiring Defendants to repair the sidewalk on which he fell and sustained injuries and to install a fence in the area between the sidewalk and the canal. MPI at 1.

  This is at least the fourth lawsuit Plaintiff filed for parking citations he received from the City, the other three of which were subject to dismissal and upheld by the Ninth Circuit. *See Yagman v. Garcetti*, 743 F. App'x 837 (9th Cir. 2018) (*mem.*); *Yagman v. Garcetti*, 673 F. App'x 633 (9th Cir. 2017) (*mem.*); *Yagman v. Garcetti*, 852 F.3d 859 (9th Cir. 2017).[4]

  Non-attorney Defendants' MTD seeks dismissal of all federal claims for failure to state a claim and requests that the Court decline to exercise supplemental jurisdiction over any state law claims. MTD at 10.

---

[3] All page references herein are to page numbers inserted by the CM/ECF system.

[4] Defendants request the Court take judicial notice of these actions. The Court **GRANTS** Defendants' request and takes notice of the existence of those opinions but does not accept as true the facts alleged therein. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-2722-DMG (JEMx) | Date | December 3, 2020 |
|---|---|---|---|
| Title | *Stephen Yagman v. Eric Michael Garcetti, et al.* | Page | 4 of 9 |

## II.
## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

To survive a Rule 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Id.* (citing *Twombly*, 550 U.S. at 557).[5] In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Id.* at 678. Legal conclusions, by contrast, are not entitled to the assumption of truth. *Id.*

Should a court dismiss certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

## III.
## DISCUSSION

**A.    Section 1983 Claims Relating to the Sidewalk**

Plaintiff's sixth, seventh, eighth, and ninth counts are based on section 1983 violations, which require "that the conduct deprived the claimant of some right, privilege, or immunity

---

[5] Plaintiff erroneously relies on an older version of the pleading standard as stated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 20-2722-DMG (JEMx) | Date | December 3, 2020 |
|---|---|---|---|

| Title | *Stephen Yagman v. Eric Michael Garcetti, et al.* | Page | 5 of 9 |
|---|---|---|---|

protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632 (9th Cir. 1988).

Plaintiff cites primarily to the federal constitutional right to intrastate and interstate travel, though the Ninth Circuit has not recognized any constitutional right to intrastate travel. *See* Opp. at 18; *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 944 n.7 (9th Cir. 1997). One dilapidated sidewalk does not burden, however, Plaintiff's ability to travel, given the availability of other sidewalks for pedestrian travel and roads for vehicular travel. *See Miller v. Reed*, 176 F.3d 1202, 1205 (9th Cir. 1999) ("We have previously held that burdens on a single mode of transportation do not implicate the right to interstate travel."). Plaintiff also describes a substantive due process right to walk on a public sidewalk. *See id.* at 21 (citing FAC at ¶ 61). Plaintiff cites no case law to support this substantive due process right, nor would that right necessarily be implicated by the City's alleged failure to maintain the sidewalk.[6] Plaintiff's injuries sound in tort law, not constitutional law. The Supreme Court has cautioned against making the Fourteenth Amendment a "font of tort law," stating, "[o]ur Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." *Daniels v. Williams*, 474 U.S. 327, 332 (1986) (citation and internal quotation marks omitted).

Because Plaintiff did not identify any purported constitutional violations, Plaintiff fails to state claims for violations of section 1983. Additionally, as the Ninth Circuit noted in one of Plaintiff's prior suits regarding his traffic tickets, "[b]ecause we hold that Yagman has not alleged a violation of his constitutional rights, he cannot maintain derivative constitutional claims based on that conduct," including for *Monell* liability and conspiracy. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017).

Since Plaintiff cannot identify a constitutional right implicated by the City's alleged failure to maintain the sidewalk, amendment would be futile. Accordingly, Plaintiff's sixth, seventh, eighth, and ninth counts are **DISMISSED without leave to amend**.

**B.     Claims Based on the Claim-Handling Process**

Plaintiff's tenth through fifteenth counts relate to the handling of Plaintiff's claim under the California Tort Claims Act by Defendants Garcetti and Sam, and the unserved attorney

---

[6] First Amendment rights may at times implicate a public sidewalk, but Plaintiff's claims are not related to any First Amendment violations. *See Roulette v. City of Seattle*, 97 F.3d 300, 305 (9th Cir. 1996), *as amended on denial of reh'g and reh'g en banc* (Sept. 17, 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-2722-DMG (JEMx) | Date | December 3, 2020 |
| Title | *Stephen Yagman v. Eric Michael Garcetti, et al.* | Page | 6 of 9 |

Defendants who filed the original and current MTDs. Under this statute, also referred to as the Government Claims Act, "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected . . . ." Cal. Gov't Code § 945.4; *see City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007). On February 7, 2020, Plaintiff filed his claim for damages, to which Defendant Sam responded with a letter stating that the claim "has been forwarded to the Office of the City Attorney in accordance with City Council rules." FAC at ¶¶ 13, 28. On March 17, 2020, Sam sent Plaintiff a letter rejecting the claim, stating that "[a]fter reviewing the circumstances of the claim [submitted by [P]laintiff] and the applicable . . . law, it has been determined that the claim should be denied," and that "[t]his letter represents a formal notice to you that said claim has been denied." *Id.* at ¶ 13, 29.

Defendants argue that Plaintiff fails to adequately plead how this rejection and alleged delay in processing his claim constitute fraud (Count 10), a violation of his due process rights (Count 11), conspiracy (Counts 12 and 14), obstruction of justice (Count 13), or a violation of RICO (Count 15). MTD at 24-29. The Court agrees.

First, Plaintiff does not oppose the dismissal of his fraud, due process, or obstruction of justice claims. *See* MTD Reply at 10. Typically, a non-movant's failure to respond to an issue in an opposition to a motion constitutes a waiver thereof. *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 (9th Cir. 2005) (finding that the plaintiff "abandoned" the claims she did not raise in opposition to the defendant's motion); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

Even on the merits, each of his claims relating to the claims handling process fails. Plaintiff does not "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff alleges that Garcetti, Sam, and attorney Defendants committed fraud by "putting forth the material misrepresentation that plaintiff's tort claim honestly would be adjudicated by them," thereby delaying Plaintiff's filing of the instant action. FAC at ¶ 72. The portions of the letters quoted do not indicate any such misrepresentation, nor does Plaintiff provide any information suggesting that any Defendant did not in fact honestly adjudicate his claim. Accordingly, Plaintiff's fraud claim must be dismissed.

Plaintiff's due process claim based on the delayed denial of his claim also fails because he does not plead facts showing that a state actor deprived him of a *constitutionally protected*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-2722-DMG (JEMx)** | Date | December 3, 2020 |
| Title | *Stephen Yagman v. Eric Michael Garcetti, et al.* | Page | 7 of 9 |

life, liberty, or property interest. *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). He does not have a constitutionally protected interest—or even a statutorily protected interest—in being paid at all on his claim under the Tort Claims Act because "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov't Code § 820.2. Nor does he allege how the five-week processing time for his claim deprived him of a constitutionally protected interest. Plaintiff's claims for due process violation and conspiracy to violate his due process rights therefore also fail.

For similar reasons, Plaintiff does not state a claim for obstruction of justice, as the FAC does not allege any facts indicating that any specific Defendant acted in a manner that obstructed justice by "preventing plaintiff from filing the instant action," given that the Tort Claims Act required Plaintiff to file the claim and does not guarantee a response within a particular time frame. FAC at ¶ 89; *see* Cal. Gov't Code §§ 945.4, 946.6. His claim for conspiracy to obstruct justice fails.

Finally, his RICO claim fails because he does not allege any specific injury "in his business or property by reason of a" RICO predicate violation and makes only conclusory allegations in the FAC. 18 U.S.C. § 1964(c); *see* FAC at ¶¶ 141-165. It is impossible to ascertain from Plaintiff's FAC which Defendants participated in this alleged conspiracy to "not keep in good repair sidewalks" and "participate in the damages claims process in the improper manner set forth" in the FAC, and how wire fraud, mail fraud, fraudulent concealment, or obstruction of justice "proximately caused the plaintiff's injury." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461–62 (2006). Plaintiff therefore completely fails to state a claim under RICO.

The Court **DISMISSES with leave to amend** Plaintiff's tenth through fifteenth counts for failure to state a claim.

**C.    RICO and Section 1983 Claims Based on the Traffic Tickets**

Plaintiff's sixteenth through nineteenth counts are based on two parking tickets he received in 2019. Unlike his other parking ticket-related suits, he argues here that the tickets violate the Excessive Fines Clause of the U.S. Constitution. Plaintiff is correct that the Excessive Fines Clause is incorporated as against the States by the Fourteenth Amendment. *See* Opp. at 24 (citing *Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019)). The Ninth Circuit also recently held that "the *Timbs* decision affirmatively opens the door for Eighth Amendment challenges to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-2722-DMG (JEMx)** | Date | December 3, 2020 |
|---|---|---|---|
| Title | *Stephen Yagman v. Eric Michael Garcetti, et al.* | Page | 8 of 9 |

fines imposed by state and local authorities." *Pimentel v. City of Los Angeles*, No. 18-56553, 2020 WL 4197744, at *3 (9th Cir. July 22, 2020). Because Plaintiff raises new legal challenges to parking tickets he received in 2019, the Court rejects Defendants' *res judicata* argument based on Plaintiff's parking ticket-related lawsuits filed and resolved before 2019. *See* MTD at 32.

In this circuit, to determine whether a fine such as a parking ticket is grossly disproportional to the underlying offense, four factors (the "*Bajakajian* factors") are considered: "(1) the nature and extent of the underlying offense; (2) whether the underlying offense related to other illegal activities; (3) whether other penalties may be imposed for the offense; and (4) the extent of the harm caused by the offense." *Id.* at *2 (citing *United States v. $100,348 in U.S. Currency*, 354 F.3d 1110, 1122 (9th Cir. 2004)); *see also United States v. Bajakajian*, 524 U.S. 321, 334, 118 S. Ct. 2028, 2036, 141 L. Ed. 2d 314 (1998) ("The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish.").

Plaintiff's FAC provides minimal factual background for his parking violations, stating only the address at which he parked, the date, and the amount of the parking citation. FAC at ¶¶ 169-73. Plaintiff also asserts that the citation he received on March 14, 2019, was not affixed to his car or provided to him, but he provides no further detail about how he ultimately did find out about his citation. *Id.* at ¶¶ 169-70. Without more factual allegations, Plaintiff fails to "state a claim to relief that is plausible on its face" that the parking fines are grossly disproportional to his offense. *See Twombly*, 550 U.S. at 570 (2007). His claims of conspiracy to violate his Eighth Amendment rights, violation of RICO based on an enterprise of collecting excessive fines, and conspiracy to violate RICO, are equally threadbare and inadequately pled.

The Court **DISMISSES with leave to amend** Plaintiff's sixteenth through nineteenth counts for failure to state a claim.

### D.     Supplemental Jurisdiction Over State Law Claims

The only remaining claims are Plaintiff's state law claims, over which the Court must satisfy itself of its jurisdiction.

Plaintiff fails to meet his burden to establish diversity jurisdiction. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). Although his FAC contends that he is a citizen of New York, it lists an address in Venice Beach, California, and he was present in the Los Angeles area at least in March 2019, April 2019, January 2020, and March 2020, when the events described in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-2722-DMG (JEMx)** | Date | December 3, 2020 |
|---|---|---|---|
| Title | *Stephen Yagman v. Eric Michael Garcetti, et al.* | Page | 9 of 9 |

his FAC transpired. Plaintiff's Opposition conclusorily states that there is diversity jurisdiction and that his mailing address does not establish his domicile. Opp. at 29, 31. But "domicile is evaluated in terms of objective facts and . . . statements of intent are entitled to little weight when in conflict with facts." *Id.* at 750 (citation and internal quotation marks omitted). The objective facts give rise to an inference that Plaintiff resides in California and no evidence has been presented demonstrating New York citizenship. Although a person is not necessarily domiciled in the state in which he resides, "numerous courts treat a person's residence as prima facie evidence of the person's domicile." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *see also* 13E Charles Alan Wright, Federal Practice & Procedure § 3612 (3d ed. 2017) ("It is assumed . . . that a person's current residence is also his domicile"). Although the Ninth Circuit has not specifically taken that position, "reasonable inferences" based on the "entire record" before the Court indicate that Plaintiff both resides and is domiciled in California. *Mondragon*, 736 F.3d at 886.

Without an independent ground of federal jurisdiction, the Court has only supplemental jurisdiction over Plaintiff's state law claims. District courts have discretion to decline to exercise supplemental jurisdiction if, *inter alia*, the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(a). Because that is the case here, the Court declines to address the state law claims until Plaintiff has adequately pled a federal claim.

## IV.
## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' MTD, with leave to amend as to all counts, *except* Plaintiff's sixth, seventh, eight, and ninth counts predicated upon constitutional violations related to allegedly poor sidewalk maintenance. Given the dismissal of the FAC, Plaintiff's MPI and "request to strike" are **DENIED as moot**.

Plaintiff shall file a Second Amended Complaint, or inform the Court and Defendants of his intention not to do so, by **December 24, 2020.** Defendants shall file their response to the Second Amended Complaint **within 21 days** of the filing thereof. Plaintiff's November 23, 2020 request for decision is **DENIED** as moot.

**IT IS SO ORDERED**.